```
UNITED STATES DISTRICT COURT
   MIDDLE DISTRICT OF TENNESSEE
         NASHVILLE DIVISION
```

| | |
|---|---|
| In re COMMUNITY HEALTH SYSTEMS, INC. SHAREHOLDER DERIVATIVE LITIGATION | ) Master Docket No. 3:11-0489<br>) (Consolidated with 3:11-0598<br>) and 3:11-0952) |
| This Document Relates To:<br>ALL ACTIONS | ) Judge Nixon/Brown<br>) **Jury Demand** |

### O R D E R

A two hour and 10 minute telephone conference was held with the parties in this matter on June 29, 2015, to discuss a number of discovery and scheduling issues. The **Clerk** will file as the next exhibit with this order the joint statement of unresolved issues provided to the Magistrate Judge prior to the telephone conference.

The first issue discussed at some length concerned the time frame for various discovery matters. It appears that the parties do agree that the begin date should be January 1, 2006. There is a sharp disagreement over the end date. The Plaintiff would like the current date as the end date while the Defendants insist that the proper end date is March 2011 when the lawsuit was filed.

After considerable discussion with the parties and a review of the materials submitted, the Magistrate Judge believes that the appropriate period should be **January 1, 2006 until August 20, 2014**, when the settlement of the litigation with the Department of Justice was announced. These dates should prevail for most of the discovery items. The parties may file motions for a different end date to show cause why the above dates are not correct, but in order to get this case moving the parties shall use the dates set above for now.

The next issue involves the discovery from the individual Defendants. Plaintiff complains that so far the individual Defendants have produced nothing. The individual Defendants argue that although

the request for discovery from them was filed much earlier, that there was a general agreement that production would not be started until after the parties mediated the case. The mediation occurred last month and was unsuccessful, at least to this point. The individual Defendants state that they will begin production. However, they note that much of the correspondence to and from the individual Defendants and the company and the board materials are all on the company servers.

The Magistrate Judge believes that the Plaintiff is entitled to discovery from the individual Defendants, whether they are corporate officers or board members. They certainly need to search their own records in their computers for any information they have that is relevant to the discovery requests. The individual Defendants advised that they were in the process of doing this and would begin producing material in the next **two weeks**. They anticipate that they should complete a review of the searchable materials within **two months of June 29, 2015**.

The Magistrate Judge agrees that whether an individual Defendant is a Director or an officer, information in their own files apart from the company is relevant on the issue of breach of fiduciary duties.

The next topic involved search terms. The Defendants ran some 724 search terms as part of the government investigation in this matter. It took them approximately a year, using contract attorneys, to review the vast amount of documents identified by the search terms. They found that a substantial number of the documents were nonresponsive. The Plaintiff has recently proposed an additional 76 search terms.

The Plaintiff contends that their allegations involving breach of fiduciary duties are different from the Government's investigation involving false claims and other government-related matters. They believe their search terms will properly supplement the information provided to the Government. They would like their search terms through at least the dates set by the Magistrate Judge above.

The Defendants advised that they were having their vendor look at the 76 terms so they will have some idea of how many false positives they would get and to see what problems would be encountered in running the new search terms over the material previously searched. They indicated that some of the data bases used for the original search have been modified. Because of this, even rerunning the original search terms through the original data base could be more difficult than would initially appear. They stated that they would respond to the 76 terms within **two weeks**. Hopefully, the parties will be able to resolve the issues concerning the search terms. The Magistrate Judge will not decide whether the search terms have to be done at this point. If the parties are unable to resolve the matter then an additional telephone conference or motion to quash may be required.

At this stage of the case predictive productive coding might be beneficial. It may be something the parties want to look at. The cost of having attorneys review large numbers of documents for relevancy is time-consuming and expensive. On the other hand, setting up productive coding is not an easy task, either. The Magistrate Judge is not inclined to allow the use of search terms if it is shown they produce a very high number of false positives. In that case, the cost can easily exceed the benefit. This case is a little different from

many cases because, if the Plaintiff prevails, the company may be responsible for both sides of the costs, including attorneys' fees.

The next item for discussion was the requests for discovery dealing with the independence of board members. The Plaintiff is seeking wide-spread discovery concerning anything that would indicate that the "independent directors" were not fully independent. The Defendants have responded that this is not a real issue, that there are a lot of documents in the public records dealing with stock ownership and compensation. The Magistrate Judge believes that this information is relevant to the extent the evidence could show whether or not they are truly independent. Lack of independence could affect their motivation in approving or disapproving various company policies, which are the subject of this litigation. To the extent that share transactions in the company stock and the announced compensation of the Defendant officers and directors are public record, the Defendants may satisfy that part of the request by stating where that information is located. The Magistrate Judge does believe that they do need to search company records to see if there is discussion of compensation and any other materials concerning their independence related to the subject matter of this litigation.

The final issue pertains to the Rule 30(b)(6) deposition, which has some 14 topics. It appears that the parties have agreed to submit two of the topics by interrogatories. The number of interrogatories allowed is increased for any of the topics that the parties agree can be handled by interrogatories.

The Magistrate Judge believes in general that the parties are free to schedule their discovery in the order they wish, absent some compelling reasons for a different result. In this case, the parties

4

have agreed to further discuss the Rule 30(b)(6) depositions by **July 8, 2015**. If they are unable to reach an agreement, the Defendants may have until **two weeks after that date** in which to file any motions to quash and the Magistrate Judge will resolve the matter after it has been briefed.

       It is so **ORDERED**.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge
