UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| In re COMMUNITY HEALTH SYSTEMS, INC. SHAREHOLDER DERIVATIVE LITIGATION | ) Master Docket No. 3:11-cv-00489 ) ) (Consolidated with No. 3:11-cv-00598 and ) No. 3:11-cv-00952) |
| This Document Relates To: | ) ) Judge Kevin H. Sharp |
| ALL ACTIONS. | ) ) Magistrate Judge Joe B. Brown ) |

ORDER APPROVING DERIVATIVE SETTLEMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order of this Court, dated November 22, 2016 ("Order"), on Plaintiffs' motion for approval of the settlement ("Settlement") set forth in the Stipulation of Settlement, dated November 18, 2016 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Final Approval Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein).

2. This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement, and over all parties to the Action, including, but not limited to, the Plaintiffs, Community Health Systems, Inc. ("CHSI"), CHSI stockholders, and the Settling Defendants.

3. The Court finds that the notice provided to CHSI stockholders was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all Persons entitled to such notice. The notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

4. The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice. As among Plaintiffs, the Settling Defendants and CHSI, the parties are to bear their own costs, except as otherwise provided in the Stipulation.

5. The Court finds that the terms of the Stipulation and Settlement are fair, reasonable and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and Settlement in all respects, and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

6. Upon the Effective Date, CHSI, CHSI stockholders and the Plaintiffs (acting on their own behalf and derivatively on behalf of CHSI) shall be deemed to have, and by operation of this

Final Approval Order and the Judgment shall have, fully, finally, and forever released, relinquished and discharged and dismissed with prejudice the Released Claims against the Released Persons and any and all causes of action or claims (including Unknown Claims) that have or could have been asserted in the Action by Plaintiffs, CHSI or any CHSI stockholder derivatively on behalf of CHSI against the Settling Defendants or the Released Persons, based on the Settling Defendants' acts and/or omissions in connection with, arising out of, or relating to, the facts, transactions, events, matters, occurrences, acts, disclosures, statements, omissions or failures to act at issue in this Action through and including the date of execution of the Stipulation and including claims arising out of, relating to, or in connection with the defense, settlement, or resolution of the Action. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

7. Upon the Effective Date, Plaintiffs (acting on their own behalf and derivatively on behalf of CHSI and its stockholders), CHSI, and any Person acting on behalf of CHSI, shall be forever barred and enjoined from commencing, instituting or prosecuting any of the Released Claims against any of the Released Persons or any action or other proceeding against any of the Released Persons arising out of, relating to, or in connection with the Released Claims, the Action, or the filing, prosecution, defense, settlement, or resolution of the Action. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

8. Upon the Effective Date, each of the Released Persons and the Related Parties shall be deemed to have, and by operation of this Final Approval Order and the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Plaintiffs and Plaintiffs' Counsel and all CHSI stockholders (solely in their capacity as CHSI stockholders) from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

9. The Court hereby approves the Fee and Expense Amount in accordance with the Stipulation and finds that such fee is fair and reasonable.

- 2 -
1224130_1
Case 3:11-cv-00489   Document 274   Filed 01/17/17   Page 3 of 7 PageID #: 6525

10. Neither the Stipulation nor the Settlement, including the Exhibits attached thereto, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempt to be offered or used in any way as a concession, admission, or evidence of the validity of any Released Claims or any fault, wrongdoing or liability of the Released Persons or CHSI; or (b) is or may be deemed to be or may be used as a presumption, admission, or evidence of any liability, fault or omission of any of the Released Persons or CHSI in any civil, criminal or administrative or other proceeding in any court, administrative agency, tribunal or other forum. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement and Stipulation, and except that the Released Persons may file or use the Stipulation, the Final Approval Order and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. During the course of the Action, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11, any applicable Tennessee law and all other similar laws.

12. Without affecting the finality of this Final Approval Order and the Judgment in any way, this Court hereby retains continuing jurisdiction over the Action and the parties to the Stipulation to enter any further orders as may be necessary to effectuate, implement and enforce the Stipulation and the Settlement provided for therein and the provisions of this Final Approval Order.

13. This Final Approval Order and the Judgment is a final and appealable resolution in the Action as to all claims and the Court directs immediate entry of the Judgment forthwith by the Clerk in accordance with Rule 58, Federal Rules of Civil Procedure, dismissing the Action with prejudice.

IT IS SO ORDERED.

DATED: January 17, 2017

*Kevin H. Sharp*
THE HONORABLE KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

Submitted by:

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
BENNY C. GOODMAN III
ERIK W. LUEDEKE
JUAN CARLOS SANCHEZ

*BC Goodman III*
BENNY C. GOODMAN III

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN C. HERMAN
Monarch Centre, Suite 1650
3424 Peachtree Road, N.E.
Atlanta, GA 30326
Telephone: 404/504-6500
404/504-6501 (fax)

DAVIES, HUMPHREYS, HORTON
  & REESE
WADE B. COWAN
85 White Bridge Road, Suite 300
Nashville, TN 37205
Telephone: 615/256-8125
615/242-7853 (fax)

- 4 -

ROBBINS ARROYO LLP
BRIAN J. ROBBINS
KEVIN A. SEELY
ASHLEY R. RIFKIN
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: 619/525-3990
619/525-3991 (fax)

SULLIVAN, WARD, ASHER & PATTON, P.C.
MICHAEL J. ASHER
25800 Northwestern Highway
1000 Maccabees Center
Southfield, MI 48075-1000
Telephone: 248/746-0700
248/746-2760 (fax)

Attorneys for Plaintiffs

PROSKAUER LLP
PETER DUFFY DOYLE

_____
PETER DUFFY DOYLE

Eleven Times Square
New York, NY 10036-8299
Telephone: 212/969-3000
212/969-2900 (fax)

Counsel for Defendants Wayne T. Smith, W. Larry
Cash, John A. Clerico, John A. Fry, William
Norris Jennings, Julia B. North, H. Mitchell
Watson, Jr. and Counsel for T. Mark Buford and
James S. Ely III

ROBBINS, RUSSELL, ENGLERT, ORSECK,
  UNTEREINER & SAUBER LLP
GARY A. ORSECK
MICHAEL L. WALDMAN
ALISON C. BARNES
MATTHEW M. MADDEN

_____
MATTHEW M. MADDEN

- 5 -

1801 K Street, N.W., Suite 411L
Washington, DC 20006
Telephone: 202/775-4500
202/775-4510 (fax)

RILEY, WARNOCK & JACOBSON, PLC
STEVEN A. RILEY
JOHN R. JACOBSON
MILTON S. McGEE III
1906 West End Avenue
Nashville, TN 37203
Telephone: 615/3203700
615/320-3737 (fax)

Counsel for Nominal Defendant Community
Health Systems, Inc.